TM:NMA;GDA:JB
F.#2005R00060

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -                                                  05 Cr. 60 (NGG)

DOMINICK CICALE,

            Defendant.

- - - - - - - - - - - - - - - -X


GOVERNMENT'S MOTION FOR DOWNWARD DEPARTURE
<u>PURSUANT TO SECTION 5K1.1 and 18 U.S.C. 3553(e)</u>

**(FILED UNDER SEAL)**


                                    LORETTA E. LYNCH
                                    United States Attorney
                                    Eastern District of New York
                                    271 Cadman Plaza East
                                    Brooklyn, New York  11201


NICOLE ARGENTIERI
GREG D. ANDRES
JOHN BURETTA
Assistant United States Attorneys
    (Of Counsel)

Table of Contents

PRELIMINARY STATEMENT.. . . . . . . . . . . . . . . . . . . 1

BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . 5

    I.   Criminal History. . . . . . . . . . . . . . . . . . 5

    II. Cosa Nostra.. . . . . . . . . . . . . . . . . . . . 8

    III. Current Prosecution.. . . . . . . . . . . . . . . 10

CICALE'S COOPERATION. . . . . . . . . . . . . . . . . . . . 13

    I.   Intelligence & Related Information. . . . . . . . 13

    II. Bonanno Organized Crime Family
        Prosecutions. . . . . . . . . . . . . . . . . . . 15

    III. Other Cosa Nostra Family
        Prosecutions. . . . . . . . . . . . . . . . . . . 55

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . 57

i

## PRELIMINARY STATEMENT

Below the government details Dominick Cicale's criminal history and cooperation.  Cicale has spent the better part of the past two decades in jails, both state and federal.  During the time period when he was at liberty, for approximately five years between December 1999 to January 2005, Cicale was associated with, gained membership in, and earned a leadership position in the Bonanno organized crime family of La Cosa Nostra (the "Bonanno family" and "LCN," respectively).  During that time, Cicale participated in countless crimes including two brutal murders on behalf of the Bonanno family.  In the ensuing six years, beginning in January 2006, he has worked effectively as a government witness, detailing his crimes and those of others in exacting detail and often in this courthouse.  As a result, violent criminals, La Cosa Nostra leaders, killers, have been convicted and incarcerated.

Cicale's information and testimony has led to the prosecution of more than a dozen inducted members of the Bonanno family, including former Bonanno family acting boss Vincent Basciano, the man who trained and directed Cicale to commit murder on two occasions and conspired with him to kill a half-dozen other individuals, who will remain in jail for the duration of his life.  Juries in the Eastern District of New York three

1

times convicted Basciano; Cicale testified as a witness at each trial.

Cicale's information was particularly critical due to the leadership fluctuations in the Bonanno family's hierarchy in the days after the incarceration (and conviction) of longtime Bonanno family boss Joseph Massino and the arrest of acting boss Anthony "Tony Green" Urso and others. Cicale's information fueled a series of additional prosecutions and was used, in part, to eliminate – or at least incapacitate – the succeeding four Bonanno family administrations and bosses (Basciano, Michael Mancuso, Nicholas Santora/Anthony Rabito and Salvatore Montagna). Three were convicted (Basciano, Mancuso and Rabito/Santora) and the fourth, Montagna, was deported.

Others are serving lengthy prison sentences based on information provided by Cicale, including Bonanno family acting boss Michael Mancuso, Bonanno family captain Patrick DeFilippo and Bonanno family soldiers Anthony "Ace" Aiello, Anthony "Bruno" Indelicato and Anthony "Little Anthony" Donato. Collectively these men were sentenced to 130 years in prison. Cicale's information secured still other indictments, search warrants and wiretap applications, all in support of the government's continuing fight against organized crime.

The chart below summarizes some of the more significant defendants against whom Cicale provided information and who have been convicted:

| Defendant | Rank | Sentence |
|---|---|---|
| Vincent Basciano* | Bonanno family acting boss | Life Imprisonment |
| Michael Mancuso* | Bonanno family acting boss | 15 Years |
| Nicholas Santora | Bonanno family acting underboss | 36 Months |
| Anthony Rabito | Bonanno family acting consigliere | 33 Months |
| Jerome Asaro | Bonanno family captain | 30 Months |
| Louis DeCicco | Bonanno family captain | 40 Months |
| Patrick DeFilippo* | Bonanno family captain | 40 Years |
| Joseph Cammarano* | Bonanno family soldier (former acting captain) | 27 Months |
| Anthony Indelicato* | Bonanno family soldier (former captain) | 20 Years |
| Paul Spina* | Bonanno family soldier (former acting captain) | 160 Months |
| Anthony Aiello* | Bonanno family soldier | 30 Years |
| Anthony Donato* | Bonanno family soldier | 25 Years |
| Gino Galestro* | Bonanno family soldier | 20 years |
| * denotes defendants charged with or involved in acts involving murder | | |

Cicale also testified in the United States District Court for the Southern District of New York, against another La Cosa Nostra boss, John A. Gotti, also known as "Junior," and he was recently prepared to testify at the trial of Genovese family acting captain Anthony Romanello.

* * * * *

For his cooperation, and pursuant to the written agreement between the defendant Cicale and the government, the United States Attorney's Office for the Eastern District of New York hereby moves for a downward departure from the applicable United States Sentencing Guidelines (the "Sentencing Guidelines") range of life imprisonment.  This application is made pursuant to Title 18, United States Code, Section 3553(e) and Section 5K1.1 of the Sentencing Guidelines.

**BACKGROUND**

Cicale has testified before the Court about his background, criminal history and the instant charges on numerous occasions.  The defendant's pre-sentence investigation report ("PSR") recounts much of it again and accordingly, these facts are only addressed briefly below.

**I.   Criminal History**

Cicale is forty-four years old.  He grew up in the Bronx and stayed in school through the tenth grade.  He earned a GED in prison.

Cicale began committing crimes when he was approximately sixteen years old and continued to do so for more than the next twenty years.  He primarily began his criminal career selling narcotics, robbing cars and engaging in violent assaults.  He also carried firearms and used them in furtherance of his other criminal activities.  At the age of 21, Cicale was convicted of murder in the state of Florida for his point blank shooting of an individual named George Kehoe.  In his early thirties, Cicale began committing even more serious offenses, including racketeering and murder, murder conspiracy, solicitation to murder, narcotics distribution, assault, fraud, extortion, illegal gambling, loansharking, income tax evasion, falsifying construction and loan documents and making false statements to law enforcement and other government agencies.

5

Cicale has been arrested at least ten times for these crimes and others, and has been incarcerated for significant lengths of time on three occasions. First, in 1988, Cicale was prosecuted by the state of Florida for the murder of George Kehoe. Cicale shot Kehoe in the back of the head over a dispute relating to a narcotics transaction. Together with others, he dumped Kehoe's body in a canal. Cicale pled guilty to manslaughter and received a seven year sentence. He only served approximately seventeen months in prison before his release (due to prison overcrowding, according to Cicale). During the pendency of this case, and before his sentencing, Cicale engaged in a burglary and was arrested again.

Second, in 1991, within years of his release from prison, Cicale was arrested by federal authorities for possession of cocaine and conspiracy to distribute cocaine. He proceeded to trial in the United District Court for the Southern District of Florida, was convicted on certain counts and received a sentence of 121 months in prison. During this period of incarceration, Cicale engaged in a series of prison violations (inappropriate contact with prison staff and unauthorized use of the phone, among others) and began his association with the Bonanno family. He was released in December 1999.

Third, in January 2005, Cicale was arrested by the Federal Bureau of Investigation in New York, in the instant case,

6

and was first charged with racketeering-related offenses involving the murder of Bonanno family associate Randolph Pizzolo.  As detailed below, additional charges were filed in a series of superseding indictments.  He remains incarcerated to this day on these charges, almost exactly seven years later.

## II.  <u>La Cosa Nostra</u>

Cicale is no stranger to La Cosa Nostra.  He was surrounded by LCN members and associates while growing up in the Bronx and later during his federal incarceration.  In the 1990s, at a Bureau of Prisons facility, Cicale met and grew close to Bonanno family member Anthony "Bruno" Indelicato.  The two reunited after Cicale's release in 1999.  Cicale met Basciano soon thereafter and Basciano ultimately sponsored Cicale for induction into the Bonanno family and promoted him, first to acting captain and later to captain.  Together, they committed a range of crimes, almost daily, including extortion, illegal gambling, assault, robbery, murder conspiracy and murder.  As a member of the Bonanno family, crime was, effectively, Cicale's profession and responsibility – that is to make money from crime. Below is a brief summary of some of the more violent crimes in which Cicale participated - the details of which are well known in large part to Cicale's own cooperation.

A.   <u>Santoro Murder</u>: On February 15, 2001, Basciano and Cicale, along with Indelicato, Bonanno family soldier Anthony Donato and John Tancredi, murdered Frank Santoro.  Santoro was allegedly rumored to be planning to kidnap one of Basciano's sons.  At the time of the murder, Santoro was walking his dog not far from his residence in the Bronx.  Cicale fired with a revolver (and apparently missed Santoro) while Basciano fired a

shotgun, killing Santoro.  Notably, at the time Cicale told the government about his involvement in the Santoro murder, he was not charged with it.

   **B.** **Murder Conspiracies and Assaults**: Cicale agreed to murder and/or assault numerous others on Basciano's orders, including Patrick DeFilippo, Salvatore Vitale, a federal prosecutor, Dominick "Donny Boy" Martino, Gino Galestro, Frank Porco, Randolph Pizzolo and Joseph Bonelli.  Basciano even told Cicale that he planned to kill his (Cicale's) girlfriend. Indeed, while Basciano's reign in the Bonanno family leadership was short lived, it was incredibly violent.  Cicale provided specific details as to each of these murder plots, attempts and conspiracies.  For example, the plot to kill Patrick DeFilippo, which was only aborted due to DeFilippo's arrest, was particularly sophisticated and involved the use of a fake police car that was outfitted with police lights, sirens and a microphone system.  The assault on a gambling victim of one of Basciano's associates was less sophisticated: Cicale ordered Anthony Aiello to smash the man's hands with a hammer.  Aiello and a coconspirator used a hammer on the victim's head, sending him to the hospital.

   **C.** **Pizzolo Murder**: In December 2004, at Basciano and Mancuso's direction, Cicale arranged the murder of Bonanno family associate Randolph Pizzolo.  At trial, Cicale testified that

9

Basciano ordered Pizzolo's murder as a "wake up call" for everyone in the Bonanno family to show that Basciano "don't play around."[1]  Cicale orchestrated the murder, using Aiello as the shooter.  Pizzolo was shot and killed in December 2004, his body left in an industrial section of Williamsburg, Brooklyn.

* * * * *

Cicale has testified about each of these crimes and many others on several occasions.[2]

## III. **The Current Prosecution**

On January 27, 2005, Cicale was indicted and arrested principally for his role in the Pizzolo murder.  He was charged with conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5), murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1), and firearms charges, in violation of 18 U.S.C. § 924(c).  The murder in aid of racketeering count could have subjected Cicale to the death penalty.

These charges were repeated in various superseding indictments, returned on March 30, 2005 and June 20, 2005,

---

[1]    See Trial Transcript at 7168:1-7, United States v. Basciano, 05 Cr. 060 (NGG) ("Basciano III").

[2]    The Court has also heard testimony from cooperating witness Carlos Medina, who has alleged that, during the Basciano retrial in 2007, Cicale approached Medina about fabricating a false murder plot implicating Basciano.  Cicale has adamantly denied these allegations.

10

respectively.  On November 2, 2005, a third superseding indictment was returned, which charged the defendant with the following additional crimes: racketeering and racketeering conspiracy, including predicate acts of murder/conspiracy to murder (Pizzolo), extortionate collection of credit conspiracy and extortionate collection of credit (John Doe #1 - Eric Calandra), illegal gambling (joker poker, bookmaking, policy operation), robbery conspiracy (John Doe #2 - Mike Booth), and assault in aid of racketeering (John Doe #1 - Eric Calandra).

In January 2006, a year after his arrest, Cicale attended his first debriefing sessions, with jury selection in the first Basciano trial scheduled later that month.  Over the course of his cooperation, Cicale attended dozens more meetings with prosecutors and other law enforcement officials.  On February 13, 2006, the defendant waived indictment and pled guilty, pursuant to a cooperation agreement, to a four-count information charging the following:

| Count | Description |
|-------|-------------|
| 1 | Racketeering Conspiracy<br>(Title 18, United States Code, Section 1962(d)) |
| 2 | Murder in Aid of Racketeering (Frank Santoro)<br>(Title 18, United States Code, Section 1959(a)(1)) |
| 3 | Assault in Aid of Racketeering (John Doe #1 - Eric Calandra)<br>(Title 18, United States Code, Section 1959(a)(3)) |
| 4 | Murder in Aid of Racketeering (Randolph Pizzolo)<br>(Title 18, United States Code, Section 1959(a)(1)) |

11

The racketeering count charged the following seven predicate acts, involving eleven crimes:

| Racketeering Act # | Description |
|---|---|
| 1a | Conspiracy to Murder Frank Santoro (New York Penal Law Sections 125.25(1) and 105.15) |
| 1b | Murder of Frank Santoro (New York Penal Law Sections 125.25(1) and 20.00) |
| 2 | Illegal Gambling – Policy Operation (Title 18, United States Code, Section 1955) |
| 3 | Illegal Gambling – Joker Poker Machines (Title 18, United States Code, Section 1955) |
| 4a | Extortionate Collection of Credit Conspiracy – John Doe #1 (Eric Calandra) (Title 18, United States Code, Section 894) |
| 4b | Extortionate Collection of Credit – John Doe #1 (Title 18, United States Code, Section 894) |
| 5a | Illegal Gambling – Bookmaking (Federal Law) (Title 18, United States Code, Section 1955) |
| 5b | Illegal Gambling – Bookmaking (State Law) (New York Penal Law Sections 225.10(1) and 20.00) |
| 6 | Robbery Conspiracy – John Doe #2 (Mike Booth) (New York Penal Law Sections 106.10(1) and 105.10) |
| 7a | Conspiracy to Murder Randolph Pizzolo (New York Penal Law Sections 125.25(1) and 105.15) |
| 7b | Murder of Randolph Pizzolo (New York Penal Law Sections 125.25(1) and 20.00) |

As noted, prior to Cicale's cooperation, the government did not have evidence sufficient to charge Cicale with his participation in the Santoro murder.  Cicale has remained incarcerated since his January 2005 arrest.

## CICALE'S COOPERATION

During the course of Cicale's cooperation, he has provided information that was used to prosecute other members and associates of organized crime – including several in leadership positions.  He provided information and evidence which led directly to indictments and he testified when necessary, resulting in the conviction of numerous defendants as outlined below.  Furthermore, Cicale has provided important intelligence about organized crime, particularly about changes in the Bonanno family, both in terms of their practices and their leadership during a time of great transition in that enterprise.  His cooperation has helped significantly diminish the authority and power of that enterprise.  His cooperation is discussed in greater detail below.

## I.    Intelligence & Related Information

During the course of his cooperation, the defendant has identified dozens of members and associates of La Cosa Nostra. He identified new "made members" and importantly, he detailed for the government – and he was among the first to do so – the leadership of the Bonanno family in the wake of a series of significant arrests and convictions.  He also has testified repeatedly about his own induction into the Bonanno family – which occurred in Westchester at the home of Bonanno family

soldier Anthony Donato – confirming the family's ongoing rituals
and its efforts to regain strength.  He testified as follows:

> Q.    Were you ultimately inducted in the Bonanno family?
>
> A.    Yes.
>
> Q.    Can you explain what happened at the ceremony to the
>       jury in which you were inducted into the Bonanno
>       family?
>
> A.    We entered the house.  We went downstairs through –
>       there was a table.  Anthony Donato was told to go
>       upstairs.  We all gathered around the table,
>       interlocked hands.  They said we are all here together
>       for the Massino crime family.  Whatever is said here is
>       said in secrecy.  We then the broke the chain.  Sat
>       down.  Tony Urso then went on to say if any of us
>       wanted to leave -- no, he asked if we knew why we were
>       here.  Then after that he asked us if any of us would
>       want to leave or we had a change of mind to do so now.
>       After that he instructed us that Joseph Massino was the
>       boss of the Bonanno/Massino crime family, and we would
>       refer to him by tugging on our ear.  He also said that
>       it is from this day forward we are reborn again.  What
>       happened in the past remains in the past.  Whatever
>       beefs occurred they die with that life, that this is a
>       new life, this is a new family.  We are here as one.
>       We are all here to be -- we are all here for one
>       another.  Then he instructed us on some of the dos and
>       don'ts.  Couldn't go with a made man's wife or
>       daughter.  You are not allowed to get involved in
>       stocks.  You are not allowed to sell drugs.  You are
>       not allowed to kill without the permission of the boss.
>       If a boss calls for you, you go to the boss.  You don't
>       let your captain, no.  We will all be assigned a
>       captain.  We report to that captain.  If we have a
>       problem with that captain we go to our consigliere
>       whose supposed to be in the middle and he'll try to
>       resolve the situation.  If a situation can't be
>       resolved, then we will be transferred to a different
>       crew.  And basically that was it.

(See Trial Transcript at 5726-27, United States v. Basciano, 03
Cr. 929 (NGG)).

Cicale also detailed the Bonanno family's ongoing crimes.  For example, he has provided information about more than a dozen murders and murder conspiracies.  His information has been used in both Title III applications and search warrants alike.  And importantly, he provided information that led to the cooperation of others, including one made member of the Bonanno family – who was also a witness against Basciano.

## II.  **Bonanno Family Prosecutions**

Over the course of his cooperation, Cicale has provided important information that was used in the prosecution of numerous individuals – particularly those associated with the Bonanno family, including high-ranking members of that enterprise.  Three of these cases, each involving Basciano, have proceeded to trial during which Cicale has spent countless hours with prosecutors and investigators preparing to testify.

Cicale has provided information with respect to the following Bonanno family prosecutions and investigations: (A) United States v. Vincent Basciano, et al., 03 Cr. 929 (S-5)(NGG)("Basciano I"); (B) United States v. Vincent Basciano, et al., 03 Cr. 929 (S-8)(NGG)("Basciano II"); (C) United States v. Basciano, et al., 05 Cr. 060 (NGG)("Basciano III"); (D) United States v. Galestro, 06 Cr. 285 (ARR); (E) United States v. Accardo, et al., 06 Cr. 800 (SLT); and (F) United States v. Bana, 09 Cr. 672 (NGG).  The details of each are described below.

15

A.   **United States v. Basciano and DeFilippo, et al.,
03 Cr. 929 (S-5) and (S-8) (NGG)(Basciano I & II)**

Beginning in August 2003, a grand jury sitting in the Eastern District of New York returned a series of indictments and superseding indictments against various members and associates of the Bonanno family.  Most of the defendants pled guilty, including Bonanno family soldiers Anthony Frascone and John Joseph Spirito.

Two defendants proceeded to trial: Bonanno family acting boss Vincent Basciano and longstanding Bonanno family captain Patrick DeFilippo.  Cicale testified at their trial and testified about nearly each of the charged crimes.

Basciano and DeFilippo were charged with criminal conduct that spanned the period from January 1979 to January 2005, and included the conspiracy and attempted murder of David Nunez; the conspiracy to murder, and murder of, Bonanno family captain Gerlando Sciascia; and the conspiracy to murder, and murder of, Frank Santoro.  Both defendants were convicted at trial (although not of all of the charges).  Basciano was tried a second time after his first jury failed to convict him of certain counts and predicate acts.  At his second trial, he was convicted on all counts and charges.  The details of both trials, including Cicale's role, are recounted below.

1.   **The First Trial**

Basciano and DeFilippo were tried beginning in January 2006, and after an eleven-week trial, convicted of various crimes on May 9, 2006.  The government elicited testimony from more than seventy witnesses – including Cicale – and introduced more than three hundred exhibits at that trial.  An anonymous jury returned a verdict against Basciano, as follows:

| Count | Charge | Verdict |
|-------|--------|---------|
| 1 | RICO Conspiracy (Title 18, United States Code, Section 1962(d)) | Guilty |
| 2 | Illegal Gambling – Joker-Poker Machines (Title 18, United States Code, Section 1955) | No Verdict |
| 11 | Extortionate Collection of Credit Conspiracy - Peter Calabrese (Title 18, United States Code, Section 894(a)) | Not Guilty |

As part of the Count One racketeering conspiracy, Basciano was charged with the following predicate acts, resolved by the jury as follows:

| Racketeering Act # | Charge | Finding |
|--------------------|--------|---------|
| 1 | Illegal Gambling - Policy Operation (Title 18, United States Code, Sections 1955 and 2) | Proved |
| 2 | Illegal Gambling – Joker Poker Machines (Title 18, United States Code, Sections 1955 and 2) | Proved |
| 3a | Conspiracy to Murder David Nunez (New York Penal Law Sections 125.25(1) and 105.15) | Proved |

17

| Racketeering Act # | Charge | Finding |
|---|---|---|
| 3b | Attempted Murder of David Nunez (New York Penal Law Sections 125.25(1), 110.00 and 20.00) | Proved |
| 5 | Extortionate Extension of Credit – Generoso Barbieri (Title 18, United States Code, Sections 892(a) and 2) | Not Proved |
| 6 | Extortionate Extension of Credit – John Palazzolo (Title 18, United States Code, Sections 892(a) and 2) | Not Proved |
| 11 | Conspiracy to Murder and Murder of Frank Santoro (New York Penal Law Sections 125.25(1) and 105.15 and New York Penal Law Sections 125.25(1) and 20.00) | No Verdict |
| 12 | Solicitation to Murder – Dominick "Donnie" Martino (New York Penal Law Section 125.25(1) and New York Penal Law Sections 100.10 and 20.00) | No Verdict |
| 13 | Extortionate Collection of Credit Conspiracy – Peter Calabrese (Title 18, United States Code, Section 894(a)(1)) | Not Proved |

The court ordered forfeiture against Basciano in the amount of $5,400,000. As a result of this trial and a second trial on related charges discussed below, Basciano was sentenced to a term of life imprisonment, with concurrent terms of five years of supervised release, and forfeiture in the amount of $5,400,000. Basciano is currently incarcerated, and he has been for close to a decade.

18

The jury convicted DeFilippo of the following crimes:

| Count | Charge | Result |
|-------|--------|--------|
| 1 | RICO Conspiracy (Title 18, United States Code, Section 1962(d)) | Guilty |
| 2 | Illegal Gambling – Joker-Poker Machines (Title 18, United States Code, Section 1955) | Guilty |
| 3 | Illegal Gambling Conspiracy – Bookmaking (Title 18, United States Code, Section 371) | Guilty |
| 4 | Illegal Gambling – Bookmaking (Title 18, United States Code, Section 1955) | Guilty |
| 5 | Extortionate Collection of Credit Conspiracy (Title 18, United States Code, Section 1955) | Guilty |
| 6 | Extortionate Collection of Credit – Frank Giannini (Title 18, United States Code, Section 894(a)(1)) | Not Guilty |
| 7 | Extortionate Collection of Credit – Andrew LNU (Title 18, United States Code, Section 894(a)(1)) | Not Guilty |
| 8 | Murder in Aid of Racketeering – Gerlando Sciascia (Title 18, United States Code, Section 1959(a)(1)) | No Verdict |
| 9 | Conspiracy to Murder in Aid of Racketeering – Gerlando Sciascia (Title 18, United States Code, Section 1959(a)(5)) | No Verdict |
| 10 | Use of a Firearm During Crimes of Violence (Title 18, United States Code, Section 924(c)(1)(A)(iii)) | No Verdict |

As part of the Count One racketeering conspiracy,

DeFilippo was charged with the following predicate racketeering

acts that the jury resolved as follows:

| Racketeering Act # | Charge | Result |
|---|---|---|
| 2 | Illegal Gambling – Joker Poker Machines (Title 18, United States Code, Section 1955) | Proved |
| 3a | Conspiracy to Murder David Nunez (New York Penal Law Sections 125.25(1) and 105.15) | Proved |
| 3b | Attempted Murder of David Nunez (New York Penal Law Sections 125.25(1), 110.00 and 20.00) | Proved |
| 4a | Illegal Gambling – Bookmaking (Title 18, United States Code, Sections 1955 and 2) | Proved |
| 4b | Illegal Gambling – Bookmaking (New York Penal Law Sections 225.10(1) and 20.00) | Proved |
| 7 | Extortionate Collection of Credit Conspiracy (Title 18, United States Code, Section 894(a)(1)) | Proved |
| 8 | Extortionate Collection of Credit (Title 18, United States Code, Section 894(a)(1)) | Not Proved |
| 9 | Extortionate Collection of Credit – Andrew LNU (Title 18, United States Code, Section 894(a)(1)) | Not Proved |
| 10a | Conspiracy to Murder – Gerlando Sciascia (New York Penal Law Sections 125.25(1) and 105.15) | No Verdict |
| 10b | Murder of Gerlando Sciascia (New York Penal Law Sections 125.25(1) and 20.00) | No Verdict |

The jury was unable to unanimously decide whether the government had proven or not proven DeFilippo's guilt as to the

20

Sciascia murder.[3]  DeFilippo was sentenced on March 14, 2007, principally to a term of forty years' imprisonment.[4]

Through his testimony at trial, Cicale provided details about both defendants, including their roles in the Bonanno family and their involvement in specific crimes.  For example, with regard to the Santoro murder, Cicale testified in detail about the planning of the murder, and the events on the night of the murder, including the number and caliber of the weapons used, the make and model of the cars involved, and the identity of the participants.  His testimony was repeatedly corroborated by a range of other evidence.

Cicale also provided important details about the Sciascia murder – based on statements made to him by among others, Basciano.  Similarly, he recounted Basciano's various admissions relating to the conspiracy to murder, and attempted murder of, David Nunez.  Indeed, Cicale testified in great detail

---

[3]     However, based on the note produced by the jury on May 9, 2006, marked as Court Exhibit 34, eleven jurors apparently found DeFilippo to be guilty of both the racketeering act related to the Sciascia murder and the murder in aid of racketeering of Sciascia.

[4]     Specifically, the Court sentenced DeFilippo to twenty years' imprisonment on Count One (racketeering conspiracy), five years' imprisonment on Count Two (illegal gambling - joker-poker), five years' imprisonment on Count Three (illegal gambling - bookmaking conspiracy), five years' imprisonment on Count Four (illegal gambling - bookmaking) and five years' imprisonment on Count Five (extortionate collection of credit conspiracy), all to run consecutively to each other.

regarding a range of topics, including various La Cosa Nostra rules and the structure and leadership of the Bonanno family. In the end, he provided evidence about virtually every crime charged.

### 2. **Basciano Retrial (Basciano II)**

In 2007, Basciano was retried on certain charges upon which the first jury could not reach a verdict, as well as on additional charges in an eighth superseding indictment. Basciano was tried alone. On July 31, 2007, a jury rendered a verdict convicting Basciano of all counts in 03 Cr. 929 (S-8), including the racketeering count and each predicate, which alleged the murder, and conspiracy to murder Frank Santoro; the solicitation to murder Salvatore Vitale; and the solicitation to murder Dominick Martino. The verdict is summarized below:

| Count | Charge | Verdict |
|-------|--------|---------|
| 1 | Racketeering (Title 18, United States Code, Section 1962(c)) | Guilty |
| 2 | Illegal Gambling – Joker Poker (Title 18, United States Code, Section 1955) | Guilty |
| 3 | Marijuana Distribution Conspiracy (Title 21, United States Code, Section 846) | Guilty |
| 4 | Illegal Gambling - Lottery (Title 18, United States Code, Section 1955) | Guilty |
| 5 | Illegal Gambling - Sports Betting (Title 18, United States Code, Section 1955) | Guilty |

As part of the Count One racketeering charge, Basciano was charged in the following predicate racketeering acts that the jury resolved as follows:

| Racketeering Act # | Charge | Finding |
|---|---|---|
| 1a | Conspiracy to Murder - Frank Santoro (New York Penal Law Sections 125.25(1) and 105.15) | Proved |
| 1b | Murder of Frank Santoro (New York Penal Law Sections 125.25(1) and 20.00) | Proved |
| 2 | Solicitation to Murder - Salvatore Vitale (New York Penal Law Sections 125.25(1), 100.00 and 20.00) | Proved |
| 3 | Solicitation to Murder - Dominick "Donnie" Martino (New York Penal Law Sections 125.25(1), 100.00 and 20.00) | Proved[5] |
| 4 | Conspiracy to Distribute Marijuana (Title 21, United States Code, Section 846) | Proved |
| 5 | Illegal Gambling - Lottery (Title 18, United States Code, Section 1955) | Proved |
| 6a | Illegal Gambling - Sports Betting (Title 18, United States Code, Section 1955) | Proved |
| 6b | Illegal Gambling - Sports Betting (New York Penal Law Sections 225.10(1) and 20.00) | Proved |

---

[5]    The jury returned a special verdict indicating it found both that Joseph Massino was a person solicited by Basciano to murder Dominick Martino and that Cicale was a person solicited by Basciano to murder Dominick Martino.

23

Cicale again testified at trial.  He provided detailed accounts of most, if not all, of the charged crimes, both based on his own participation and/or statements made to him by Basciano and others.  In addition to the details of the Santoro murder, Cicale also testified to the following: (a) that in 2002, Basciano asked Cicale to be ready to murder an unknown individual for the Bonanno family, who Cicale later learned was Bonanno family underboss Salvatore Vitale, who Basciano believed to be cooperating with the government; (b) that Basciano and Bonanno soldier Anthony Indelicato were involved in transporting marijuana from Canada into the United States for distribution and that Cicale picked up duffel bags of marijuana from co-conspirators of Basciano and Indelicato's; and (c) that Basciano and Cicale had a sport-betting business together with another individual "Lenny" Caspar, which was for a time very profitable.

As noted, Basciano was principally sentenced to life imprisonment as a result of this conviction.

**B.   United States v. Basciano, et al.,
05 Cr. 060 (NGG)(Basciano III)**

Beginning in 2005, a grand jury sitting in the Eastern District of New York returned a series of indictments charging Basciano (with crimes separate from those discussed above), Bonanno family acting boss Michael Mancuso, and Bonanno family soldiers Anthony "Bruno" Indelicato, Anthony Donato, and Anthony Aiello, among others.  Cicale was a defendant in several of the initial indictments.  The defendants were charged with a variety of racketeering-related crimes including the February 15, 2001 murder of Frank Santoro and the December 1, 2004 murder of Bonanno family associate Randolph Pizzolo.  Specifically, the seventh superseding indictment charged:

| Count(s) | Description & Date | Defendant(s) |
|---|---|---|
| 1 & 2 | Racketeering Conspiracy/ Racketeering (July 1989 - January 2007) (Title 18, United States Code, Sections 1962(c) and (d)) | Vincent Basciano Anthony Indelicato Anthony Aiello Vincenzo Masi |
| 3 | Conspiracy to Murder in Aid of Racketeering – Randolph Pizzolo (Title 18, United States Code, Section 1959(a)(5)) | Vincent Basciano Michael Mancuso Anthony Aiello |
| 4 | Murder in Aid of Racketeering – Randolph Pizzolo (Title 18, United States Code, Section 1959(a)(1)) | Vincent Basciano Michael Mancuso Anthony Aiello |
| 5 | Using, Carrying and Possessing a Firearm (Title 18, United States Code, Section 924(c)) | Vincent Basciano Michael Mancuso Anthony Aiello |
| 6 | Accessory After the Fact – Pizzolo Murder (Title 18, United States Code, Section 3) | Vincenzo Masi |

25

| Count(s) | Description & Date | Defendant(s) |
|---|---|---|
| 7 | Conspiracy to Commit Murder in Aid of Racketeering – Frank Santoro (Title 18, United States Code, Section 1959(a)(5)) | Anthony Donato |
| 8 | Murder in Aid of Racketeering – Frank Santoro (Title 18, United States Code, Section 1959(a)(1)) | Anthony Donato |
| 9 | Using, Carrying and Possessing a Firearm (Title 18, United States Code, Section 924(c)) | Anthony Donato |
| 10 | Conspiracy to Murder in Aid of Racketeering – Patrick DeFilippo (Title 18, United States Code, Section 1959(a)(5)) | Vincent Basciano Anthony Indelicato |
| 11 | Assault in Aid of Racketeering (Title 18, United States Code, Section 1959(a)(3)) | Anthony Aiello Vincenzo Masi |
| 12 | Extortionate Collection of Credit Conspiracy – John Doe #1 (Title 18, United States Code, Section 894(a)) | Anthony Aiello Vincenzo Masi |
| 13 | Extortionate Collection of Credit – John Doe #1 (Title 18, United States Code, Section 894(a)) | Anthony Aiello Vincenzo Masi |
| 14 | Extortionate Collection of Credit Conspiracy – John Doe #2 (Title 18, United States Code, Section 894(a)) | Anthony Aiello Vincenzo Masi |
| 15 | Extortionate Collection of Credit – John Doe #1 (Title 18, United States Code, Section 894(a)) | Anthony Aiello Vincenzo Masi |
| 16 | Extortionate Collection of Credit Conspiracy – John Doe #2 (Title 18, United States Code, Section 894(a)) | Anthony Aiello Vincenzo Masi |
| 17 | Extortionate Collection of Credit – John Doe #1 (Title 18, United States Code, Section 894(a)) | Anthony Aiello Vincenzo Masi |

26

| Count(s) | Description & Date | Defendant(s) |
|---|---|---|
| 18 | Illegal Gambling Operation (Title 18, United States Code, Section 1955) | Vincent Basciano Anthony Aiello Vincenzo Masi |

The racketeering count charged the following predicate acts:

| Racketeering Act # | Description & Date | Defendant(s) |
|---|---|---|
| 1a | Conspiracy to Murder Randolph Pizzolo (New York Penal Law Sections 125.25(1) and 105.15) | Vincent Basciano Anthony Aiello |
| 1b | Murder of Randolph Pizzolo (New York Penal Law Sections 125.25(1) and 20.00) | Vincent Basciano Anthony Aiello |
| 2a | Conspiracy to Murder Frank Santoro (New York Penal Law Sections 125.25(1) and 105.15) | Anthony Indelicato |
| 2b | Murder of Frank Santoro (New York Penal Law Sections 125.25(1) and 20.00) | Anthony Indelicato |
| 3 | Solicitation to Murder a federal law enforcement official (New York Penal Law Sections 125.25(1) and 100.10) | Vincent Basciano |
| 4a | Conspiracy to Murder Patrick DeFilippo (New York Penal Law Sections 125.25(1) and 105.15) | Vincent Basciano Anthony Indelicato |
| 4b | Solicitation to Murder/Murder Conspiracy – Patrick DeFilippo (New York Penal Law Sections 225.25(1), 100.10 and 20.00) | Vincent Basciano |

| Racketeering Act # | Description & Date | Defendant(s) |
|---|---|---|
| 5 | Murder Conspiracy – Joseph Bonelli (New York Penal Law Sections 225.10 and 20.00) | Vincent Basciano |
| 6a | Extortionate Collection of Credit – John Doe #1 (Title 18, United States Code, Section 894(a)) | Anthony Aiello Vincenzo Masi |
| 6b | Extortionate Collection of Credit – John Doe #1 (Title 18, United States Code, Section 894(a)) | Anthony Aiello Vincenzo Masi |
| 7a | Extortionate Collection of Credit – John Doe #2 (Title 18, United States Code, Section 894(a)) | Anthony Aiello Vincenzo Masi |
| 7b | Extortionate Collection of Credit – John Doe #2 (Title 18, United States Code, Section 894(a)) | Anthony Aiello Vincenzo Masi |
| 8a | Extortionate Collection of Credit – John Doe #3 (Title 18, United States Code, Section 894(a)) | Anthony Aiello Vincenzo Masi |
| 8b | Extortionate Collection of Credit – John Doe #3 (Title 18, United States Code, Section 894(a)) | Anthony Aiello Vincenzo Masi |
| 9a | Bookmaking Operation – in violation of federal law (Title 18, United States Code, Section 1955) | Vincent Basciano Anthony Aiello Vincenzo Masi |
| 9b | Bookmaking Operation - in violation of state law (New York Penal Law Sections 225.10 and 20.00) | Vincent Basciano Anthony Aiello Vincenzo Masi |

| Racketeering Act # | Description & Date | Defendant(s) |
|---|---|---|
| 10 | Robbery Conspiracy – John Doe #4 (New York Penal Law Sections 155.40 and 110.00) | Anthony Aiello Vincenzo Masi |
| 11 | Robbery Conspiracy – John Doe #5 (New York Penal Law Sections 155.40 and 110.00) | Anthony Aiello Vincenzo Masi |
| 12 | Robbery Conspiracy – Café Vienna (Title 18, United States Code, Section 1951(a)) | Anthony Aiello |
| 13 | Attempted Larceny by Extortion (New York Penal Law Sections 155.40 and 110.00) | Vincent Basciano |

Each of the defendants except Basciano pled guilty before trial. Basciano proceed to trial – his third – resulting in his third conviction. Details relating to each defendant and the resolution of these charges is detailed below. Cicale, a participant in both of the charged murders (Santoro and Pizzolo) and various other crimes alleged in the superseding indictment, was an important witness with regard to this prosecution.

1.    **The Defendants Convicted by Guilty Plea**

As further discussed below, defendants Mancuso, Indelicato, Donato, Aiello and Masi all pled guilty prior to trial.

a.    **Michael Mancuso**

At the time of his arrest, Mancuso was the acting boss of the Bonanno family, and thus the highest ranking member of that family at liberty. Prior to his plea, Mancuso was charged

with murder in aid of racketeering, conspiracy to commit murder in aid of racketeering and firearms possession in furtherance of those crimes, relating to the December 2004 murder of Bonanno family associate Randolph Pizzolo.

Mancuso was no stranger to crime and violence, and his conviction was an important one with respect to the ongoing fight against organized crime.  Mancuso has a serious criminal history involving acts of violence.  Specifically, Mancuso has a 1978 New York state felony conviction for criminal possession of a weapon, a 1986 New York state felony conviction for manslaughter (for the killing of his wife), and various 1996 New York state misdemeanor convictions for menacing, assault, resisting arrest, and attempted assault.

On August 6, 2008, Mancuso pled guilty to the conspiracy to murder Bonanno family associate Randolph Pizzolo in aid of racketeering and another count of illegal gambling.  The statutory maximum sentence for these crimes is fifteen years' imprisonment.  On December 16, 2008, this Court sentenced Mancuso to the maximum fifteen-year sentence, three years of supervised release, and a $200 special assessment.  Mancuso was the fifth consecutive boss or acting boss of the Bonanno family (including Anthony Spero, Massino, Urso and Basciano), convicted of a crime of violence in the last decade.

30

Cicale provided significant information about Mancuso –
specifically, his role and association in the Bonanno family and
his involvement in the murder of Bonanno family associate
Randolph Pizzolo.

**b.   Anthony Indelicato**

Bonanno family soldier (and former captain) Anthony
Indelicato was charged with racketeering, including predicate
acts of murder and murder conspiracy related to the 2001 murder
of Frank Santoro, and a predicate act of conspiring to murder
Bonanno family captain Patrick DeFilippo.  Indelicato was also
charged with substantive counts for the DeFilippo murder
conspiracy and the Santoro murder.

Indelicato is a longstanding member of the Bonanno
family, and he has a significant history of violence, including
his 1986 conviction in the "Commission" case for his role as a
shooter in the murders of Bonanno family acting boss Carmine
Galante, Leonard Coppolla and Giuseppe Turano.  See United States
v. Indelicato, 865 F.2d 1370, 1372 (2d Cir. 1989).  Indelicato
and his coconspirators, wearing masks, entered a Brooklyn
restaurant where Galante and others were eating and shot them to
death.  Indelicato's palm print was found on the inside of a door
of the getaway car.  See id.

On August 6, 2008, Indelicato pled guilty to
racketeering conspiracy, including predicate acts of murder

31

conspiracy (Frank Santoro) and marijuana distribution conspiracy. Indelicato's Sentencing Guidelines carried a range of imprisonment from thirty years to life, but the statutory maximum penalty was twenty years.  On December 16, 2008, this Court sentenced Indelicato to the maximum term of imprisonment available - twenty years - plus three years of supervised release and a $100 assessment.  Cicale was available to testify against Indelicato – and he had specifically provided information about Indelicato's and his involvement in the Santoro murder (and Cicale was also aware of Indelicato's involvement in other acts of violence, including the Galante murder).

### c.   **Anthony Donato**

The superseding indictment returned on February 15, 2006, charged Bonanno family soldier Anthony Donato with murder in aid of racketeering, conspiracy to murder in aid of racketeering, and firearms possession in regard to crimes of violence, all relating to his participation in the 2001 murder of Frank Santoro.  At the time of his indictment, Donato was incarcerated and pending sentencing as a result of his prior guilty plea to racketeering charges in Basciano I, including the 1985 racketeering-related attempted murder of David Nunez.

Donato resolved the charges in this indictment by pleading guilty, pursuant to a plea agreement, to the conspiracy to murder Frank Santoro in aid of racketeering, in violation of

32

Title 18, United States Code, Section 1959(a)(5).  The terms of his plea agreement incorporated the terms of his prior plea agreement in <u>United States v. Massino/Basciano</u>, 03 Cr. 929 (NGG). On December 16, 2008, Donato was sentenced to twenty-five years' imprisonment, three years of supervised release and a $300 special assessment.  Cicale provided information both about Donato's association and rank in the Bonanno family, as well as his involvement in acts of violence, including the Santoro murder.

### d.   **Anthony Aiello**

Bonanno family soldier Anthony Aiello, also known as "Ace," was a fugitive for some time prior to his arrest.  He was ultimately arrested in March 2005, in Syracuse, New York.  On August 6, 2008, Aiello pled guilty to racketeering, pursuant to Title 18, United States Code, Section 1962(c) and to the conspiracy to murder Randolph Pizzolo in aid of racketeering. Aiello's Sentencing Guidelines carried a range of imprisonment from thirty years to life, but the statutory maximum penalty was thirty years.  On December 16, 2008, this Court sentenced Aiello to the maximum term of imprisonment available - thirty years - plus three years of supervised release and a $200 assessment. Cicale was available to testify directly about Aiello's involvement in a series of crimes, including most significantly, the Pizzolo murder.

33

### e.   **Vincenzo Masi**

Vincenzo Masi was a Bonanno family associate.  On April 16, 2007, Masi pled guilty, pursuant to a plea agreement, to Count Eleven (assault in aid of racketeering - John Doe #1) of a seventh superseding indictment.  On November 2, 2007, the Court sentenced Masi to forty-six months' imprisonment.  Cicale was prepared to testify against Masi.

### f.   **Frank Esposito**

Frank Esposito was a Bonanno family associate.  On April 18, 2006, Esposito pled guilty to Count Seventeen of a sixth superseding indictment (illegal gambling - bookmaking).  On August 11, 2006, the Court sentenced Esposito to time served. Cicale was prepared to testify about Esposito's association with the Bonanno family and his involvement in illegal gambling.

### g.   **Eugene Gallo**

On April 18, 2006, Bonanno family associate Gallo pled guilty to Count Seventeen of a sixth superseding indictment (illegal gambling - bookmaking).  On September 11, 2006, the Court sentenced Gallo to 3 years' probation and a $1,000 fine. Cicale was prepared to testify about Gallo's association with the Bonanno family and his involvement in illegal gambling.

**2.   Trial Defendant: Basciano**
**(Basciano III)**

Basciano proceeded to trial in this case – his third – in February 2011, and Cicale testified as a witness in both the guilt and penalty phases of the trial.  In particular, Basciano was charged with the following:

| Count | Description |
|-------|-------------|
| 1 | Conspiracy to Murder Randolph Pizzolo in Aid of Racketeering (Title 18, United States Code, Section 1959(a)(5)) |
| 2 | Murder of Randolph Pizzolo in Aid of Racketeering (Title 18, United States Code, Section 1959(a)(1)) |
| 3 | Using, Carrying and Possessing a Firearm (18, United States Code, Section 924(c)) |

At trial, Cicale testified in detail regarding Basciano's role in ordering and planning the Pizzolo homicide, which plot was briefly interrupted by Basciano's arrest and incarceration in connection with <u>Basciano I</u>.  As Cicale testified, however, once Mancuso, whom Basciano had selected to act as the Bonanno family acting boss in the event of Basciano's incarceration, reaffirmed Basciano's order to kill Pizzolo, the murder was carried out, largely in accordance with Basciano's prior directives.

Count Two alleged a death-eligible homicide and the government sought the death penalty against Basciano.  In the penalty phase, Cicale's testimony was chilling.  Among other acts of violence, Cicale testified to the facts surrounding Basicano's

35

plan to murder a federal prosecutor.  Cicale testified to the

following:

> Q.   Where were you when the defendant first raised killing
>      a federal prosecutor?
>
> A.   To the best of my recollection, we -- Vinny Basciano
>      met up with me and then we went by Saint Raymond's
>      cemetery, where he exited the vehicle to have a
>      discussion.
>
> Q.   And what did he tell you?
>
> A.   Vinny Basciano informed me he just met up with Vic
>      Guiliani and he thinks that Joe Massino is sending him
>      a message to kill a federal prosecutor.
>
> Q.   Can you remind the jurors who Vic Guiliani is?
>
> A.   Vic Guiliani was Joe Massino's private investigator.
>
> Q.   What else did Basciano say?
>
> A.   Vinny Basciano informed me that Vic Guiliani told Vinny
>      Basciano that Joe Massino informed him to let Vinny
>      know that the prosecutor was disrespectful to Joe
>      Massino and the prosecutor ate at Campagnola's every
>      Thursday night.
>
> Q.   What is Campagnola's?
>
> A.   Campagnola's is a restaurant that's around the Genovese
>      crime family.  It's in Manhattan.
>
> Q.   Have you been there?
>
> A.   Yes, ma'am, I have.
>
> Q.   After the defendant told you that the prosecutor was
>      being disrespectful to Massino and where he ate, what
>      did he say?
>
> A.   Vinny Basciano informed me, stated that I think Joe is
>      trying to send me a message to kill this prosecutor.
>
> Q.   Did you later learn the identity of the prosecutor?

A.    Yes, ma'am.

Q.    Who was the prosecutor?

A.    Greg Andres.

Q.    Did you have discussions with the defendant about carrying out the murder of Greg Andres?

A.    Yes, ma'am.

Q.    What did he tell you?

A.    Vinny Basciano informed me that he would be the shooter, more than likely.  I would definitely be there.  I would be part of the hit team.  We had some discussion -- maybe Anthony Aiello, Anthony Donato, PJ.  There would be a bunch of guys in the vicinity.  That Vinny Basciano was just going to go into the restaurant with a baseball cap on, walk up to Greg Andres and shoot him in the restaurant.

Q.    Was the prosecutor killed?

A.    No ma'am, he was not.

Q.    Who was the prosecutor that arrested Vincent Basciano?

A     Greg Andres.

(See Transcript at 8600-8602, Basciano III).

The jury ultimately voted to impose a sentence of life imprisonment, not the death penalty.

## C.    United States v. Galestro, 06 Cr. 285 (S-3)(ARR)

Cicale was also available to testify at the trial of Bonanno family soldier Gino Galestro, but Galestro ultimately pled guilty and did not proceed to trial.  Galestro and members of his crew were charged, beginning in May 2006, in a series of superseding indictments that included, among other charges, the

37

March 29, 2005 murder in aid of racketeering of Robert McKelvey.
Galestro gave the order to murder McKelvey and it was carried out
by his crew.  After the murder, McKelvey's body was dismembered
and his remains incinerated at a Staten Island mansion where a
member of Galestro's crew served as the caretaker.

Cicale knew Galestro, interacted with him, and was
available to testify to his association with, and position in,
the Bonanno family.  Galestro ultimately pled guilty and he was
sentenced by Judge Ross to the maximum available penalty, 20
years imprisonment.

**D.    United States v. Accardo, et al.,**
**       06 Cr. 800 (SLT)**

On February 1, 2007, a grand jury sitting in the
Eastern District of New York returned a thirty-nine count
superseding indictment charging the highest ranking members of
the Bonanno family then at liberty – including Bonanno family
acting consigliere Anthony Rabito, Bonanno family acting
underboss Nicholas Santora, Bonanno family captains Jerome Asaro
and Louis DeCicco, and Bonanno family acting captain Joseph
Cammarano, Jr., among others.  Cicale provided important
information as to several defendants with respect to their
involvement in the charged racketeering enterprise and in a
series of crimes committed on behalf of the enterprise.

38

The indictment charged the following:

| Count(s) | Description & Date | Defendant(s) |
|---|---|---|
| 1 & 2 | Racketeering Conspiracy/ Racketeering (July 1989 - January 2007) (Title 18, United States Code, Sections 1962(c) and (d)) | Jerome Asaro Joseph Cammarano, Jr. Michael Cassese Louis DeCicco Anthony DeFilippo Christopher Merz Anthony Rabito Nicolas Santora Paul Spina Patrick Tarsio Michael Virtuoso Anthony Vivelo |
| 3 | Murder Conspiracy - John Doe #8 (October 2004 - December 2004) (Title 18, United States Code, Section 1959(a)(5)) | Joseph Cammarano, Jr. Paul Spina |
| 4 | Illegal Gambling - Bookmaking (January 1990 - December 2006) (Title 18, United States Code, Section 1955) | Jerome Asaro Giacomo Bonventre |
| 5 | Extortion Conspiracy - Action Electric (January 1999 - December 2005) (Title 18, United States Code, Section 1951(a)) | Paul Spina |
| 6 | Illegal Gambling - Bookmaking (January 2002 - July 2004) (Title 18, United States Code, Section 1955) | Anthony Rabito |
| 7 | Extortionate Collection of Credit Conspiracy - John Doe #4 (January 2002 - July 2004) (Title 18, United States Code, Section 894(a)(1)) | Anthony Rabito |
| 8 | Extortionate Extension/Collection of Credit - John Doe #5 (June 2002 - August 2005) (Title 18, United States Code, Sections 892(a) and 894(a)(1)) | John Compono Anthony Digiovanna Michael Virtuoso |

| Count(s) | Description & Date | Defendant(s) |
|----------|--------------------|--------------|
| 11 | Securities Fraud - Shelman Securities (October 2002 - June 2004)<br>(Title 15, United States Code, Sections 78j(b) and 78ff; Title 18, United States Code, Section 2) | Michael Cassese<br>Joseph Rossetti<br>Robert Schwichrath |
| 12 | Extortion Conspiracy/Extortion - Via Oreto Restaurant (January 2003 - December 2005)<br>(Title 18, United States Code, Section 1951(a)) | Anthony Rabito |
| 14-16 | Extortionate Extension/Collection of Credit - John Doe #6 (October 2003 - March 2006)<br>(Title 18, United States Code, Sections 892(a) and 894(a)(1)) | Michael Virtuoso |
| 17 | Illegal Gambling - Lottery (January 2004 - December 2005)<br>(Title 18, United States Code, Section 1955) | Louis DeCicco<br>Anthony DeFilippo<br>Christopher Merz<br>Patrick Tarsio<br>Anthony Vivelo |
| 18 | Marijuana Distribution Conspiracy (January 2004 - December 2005)<br>(Title 21, United States Code, Section 841(a)) | Anthony DeFilippo<br>Christopher Merz<br>Patrick Tarsio |
| 19 | Illegal Gambling - Texas Hold'em Poker (January 2004 - December 2006)<br>(Title 18, United States Code, Section 1955) | Tracey Badgett<br>Michael Cassese<br>Anthony Rabito<br>Nicholas Santora |
| 20 & 21 | Extortionate Extension/Collection of Credit Conspiracy (January 2004 - December 2006)<br>(Title 18, United States Code, Sections 892(a) and 894(a)(1)) | Louis DeCicco<br>Anthony DeFilippo<br>Patrick Tarsio |
| 22 | Illegal Gambling - Bookmaking (January 2004 - December 2006)<br>(Title 18, United States Code, Section 1955) | Louis DeCicco<br>Anthony DeFilippo<br>Christopher Merz<br>Patrick Tarsio<br>Anthony Vivelo |

40

| Count(s) | Description & Date | Defendant(s) |
|----------|--------------------|--------------|
| 23 & 24 | Extortionate Extension/Collection of Credit - John Doe #7 (January 2004 - December 2006) (Title 18, United States Code, Sections 892(a) and 894(a)(1)) | Louis DeCicco Anthony DeFilippo |
| 25 | Extortion - Napa & Sonoma Restaurant (January 2004 - July 2006) (Title 18, United States Code, Section 1951) | Paul Spina |
| 26 | Securities Fraud - Gunn Allen/Marquis Financial (June 2004 - July 2005) (Title 15, United States Code, Sections 78j(b) and 78ff; Title 18, United States Code, Section 2) | Michael Cassese Joseph Rossetti Robert Schwichrath |
| 27 | Extortionate Collection of Credit - John Doe #9 (November 2004 - September 2005) (Title 18, United States Code, Section 894(a)) | Anthony DeFilippo Patrick Tarsio |
| 28 | Extortionate Collection of Credit - John Doe #10 (November 2004 - September 2005) (Title 18, United States Code, Section 894(a)) | Jerome Asaro |
| 29 | Extortion - Bistro Restaurant (January 2005 - December 2006) (Title 18, United States Code, Section 1951(a)) | Nicholas Santora |
| 30 | Extortionate Collection of Credit - John Doe #11 (January 2005 - December 2006) (Title 18, United States Code, Section 894(a)) | Louis DeCicco Anthony DeFilippo Patrick Tarsio |
| 31-33 | Extortionate Extension/Collection of Credit - John Doe #12 (April 2005 - December 2005) (Title 18, United States Code, Sections 892(a) and 894(a)(1)) | Joseph Cammarano, Jr. Michael Virtuoso |

41

| Count(s) | Description & Date | Defendant(s) |
|----------|--------------------|--------------|
| 34-36 | Extortionate Extension/Collection of Credit - John Doe #13 (May 2005 - June 2005) (Title 18, United States Code, Sections 892(a) and 894(a)(1)) | Michael Virtuoso |
| 37-39 | Extortionate Extension/Collection of Credit - Jane Doe #1 (April 2006 - November 2006) (Title 18, United States Code, Sections 892(a) and 894(a)(1)) | Agostino Accardo Michael Cassese Anthony Rabito Nicholas Santora Michael Virtuoso |

Listed in the chart below is a summary of the predicate acts charged as part of the racketeering and racketeering conspiracy counts:

| Racketeering Act # | Description & Date | Defendant(s) |
|--------------------|--------------------|--------------|
| 1 | Possession with Intent to Distribute Heroin (July 1989) (Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(I)) | Michael Cassese |
| 2 | Illegal Gambling - Bookmaking (January 1990 - December 2006) (Title 18, United States Code, Section 1955 and New York Penal Law Sections 225.10(1) and 20.00) | Jerome Asaro |
| 3 | Murder Conspiracy - John Doe #1 (January 1992 - December 1992) (New York Penal Law Sections 125.25(1) and 105.15) | Paul Spina |
| 4 | Extortionate Collection of Credit - John Doe #2 (November 1993 - June 1995) (Title 18, United States Code, Section 894(a)(1)) | Paul Spina |

| Racketeering Act # | Description & Date | Defendant(s) |
|---|---|---|
| 5 | Extortionate Collection of Credit - John Doe #3 (November 1993 - June 1995) (Title 18, United States Code, Section 894(a)(1)) | Paul Spina |
| 6 | Illegal Gambling - Baccarat (January 1995 - December 2001) (Title 18, United States Code, Section 1955) | Jerome Asaro |
| 7 | Extortion Conspiracy - Action Electric (January 1999 - December 2005) (New York Penal Law Sections 155.40(2)(a), 155.40(2)(b) and 105.10 and Title 18, United States Code, Section 1951(a)) | Paul Spina |
| 8 | Illegal Gambling - Bookmaking (January 2002 - July 2004) (Title 18, United States Code, Section 1955 and New York Penal Law Sections 225.10(1) and 20.00) | Anthony Rabito |
| 9 | Extortionate Collection of Credit Conspiracy - John Doe #4 (January 2002 - July 2004) (Title 18, United States Code, Section 894(a)(1)) | Anthony Rabito |
| 10 | Extortionate Extension/Collection of Credit - John Doe #5 (June 2002 - August 2005) (Title 18, United States Code, Sections 892(a) and 894(a)(1)) | Michael Virtuoso |
| 11 | Securities Fraud - Shelman Securities (October 2002 - June 2004) (Title 15, United States Code, Sections 78j(b) and 78ff) | Michael Cassese |

| Racketeering Act # | Description & Date | Defendant(s) |
|---|---|---|
| 12 | Extortion Conspiracy/Extortion - Via Oreto Restaurant (January 2003 - December 2005) (New York Penal Law Sections 155.40(2)(a), 155.40(2)(b), 105.10 155.40(2)(a) and 20.00 and Title 18, United States Code, Section 1951(a)) | Anthony Rabito |
| 13 | Extortionate Extension/Collection of Credit - Joe Doe #6 (October 2003 - March 2006) (Title 18, United States Code, Sections 892(a) and 894(a)(1)) | Michael Virtuoso |
| 14 | Illegal Gambling - Lottery (January 2004 - December 2005) (Title 18, United States Code, Section 1955 and New York Penal Law Sections 225.10(2) and 20.00) | Louis DeCicco Anthony DeFilippo Christopher Merz Patrick Tarsio Anthony Vivelo |
| 15 | Marijuana Distribution Conspiracy (January 2004 - December 2005) (Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(c) and 846) | Anthony DeFilippo Christopher Merz Patrick Tarsio |
| 16 | Illegal Gambling - Texas Hold'em Poker (January 2004 - December 2006) (Title 18, United States Code, Section 1955) | Michael Cassese Anthony Rabito Nicholas Santoro |
| 17 | Extortionate Extension/Collection of Credit Conspiracy (January 2004 - December 2006) (Title 18, United States Code, Sections 892(a) and 894(a)(1)) | Louis DeCicco Anthony DeFilippo Patrick Tarsio |

| Racketeering Act # | Description & Date | Defendant(s) |
|---|---|---|
| 18 | Illegal Gambling - Bookmaking (January 2004 - December 2006) (Title 18, United States Code, Section 1955 and New York Penal Law Sections 225.10(1) and 20.00) | Louis DeCicco Anthony DeFilippo Christopher Merz Patrick Tarsio Anthony Vivelo |
| 19 | Extortionate Extension/Collection of Credit - John Doe #7 (January 2004 - December 2006) (Title 18, United States Code, Sections 892(a) and 894(a)(1)) | Louis DeCicco Anthony DeFilippo |
| 20 | Extortion - Napa & Sonoma Restaurant (January 2004 - July 2006) (Title 18, United States Code, Sections 892(a), 894(a)(1) and 1951(a); and New York Penal Law Sections 155.40(2)(a), 155.40(2)(b) and 20.00) | Paul Spina |
| 21 | Securities Fraud - Gunn Allen/Marquis Financial (June 2004 - July 2005) (Title 15, United States Code, Sections 78j(b) and 78ff) | Michael Cassese |
| 22 | Murder Conspiracy - John Doe #8 (October 2004 - December 2004) (New York Penal Law Sections 125.25(1) and 105.15) | Joseph Cammarano, Jr. Paul Spina |
| 23 | Extortionate Collection of Credit - John Doe #9 (November 2004 - September 2005) (Title 18, United States Code, Section 894(a)(1)) | Anthony DeFilippo Patrick Tarsio |

45

| Racketeering Act # | Description & Date | Defendant(s) |
|---|---|---|
| 24 | Extortionate Collection of Credit - John Doe #10 (November 2004 - September 2005) (Title 18, United States Code, Section 894(a)(1)) | Jerome Asaro |
| 25 | Extortion - Bistro Restaurant (January 2005 - December 2006) (New York Penal Law Sections 155.40(2)(a), 155.40(2)(b) and 20.00 and Title 18, United States Code, Section 1951(a)) | Nicholas Santora |
| 26 | Extortionate Collection of Credit - John Doe #11 (January 2005 - December 2006) (Title 18, United States Code, Section 894(a)(1)) | Louis DeCicco Anthony DeFilippo Patrick Tarsio |
| 27 | Extortionate Extension/Collection of Credit - John Doe #12 (April 2005 - December 2005) (Title 18, United States Code, Sections 892(a) and 894(a)(1)) | Joseph Cammarano, Jr. Michael Virtuoso |
| 28 | Extortionate Extension/Collection of Credit - John Doe #13 (May 2005 - June 2005) (Title 18, United States Code, Sections 892(a) and 894(a)(1)) | Michael Virtuoso |
| 29 | Extortionate Extension/Collection of Credit - Jane Doe #1 (April 2006 - November 2006) (Title 18, United States Code, Sections 892(a) and 894(a)(1)) | Michael Cassese Anthony Rabito Nicholas Santora Michael Virtuoso |

* * * * *

46

Cicale's information was important to the filing of
charges, and he was available to testify against several
defendants, all of whom ultimately pled guilty.  The details of
the charges lodged and their guilty pleas (with respect to those
defendants whom Cicale was available to testify against) are
listed below:

1.   **Anthony Rabito**

At the time of his arrest, Rabito was the acting
consigliere of the Bonanno family and a convicted felon several
times over.  Rabito was charged with racketeering and racketeering
conspiracy, including predicate acts of illegal gambling,
extortionate collection of credit and extortion.  Rabito was also
charged with various substantive crimes for these acts.  Rabito
pled guilty to these charges and was sentenced by the Honorable
Sandra L. Townes, United States District Judge, principally to a
term of thirty-three months' imprisonment.

Cicale provided important evidence with respect to
Rabito's role in the Bonanno family and his involvement in the
extortion of Via Oreto, a restaurant in New York City.

2.   **Nicholas Santora**

At the time of his arrest, Santora served as the acting
underboss of the Bonanno family.  Santora's involvement in
organized crime and the Bonanno family has spanned more than
thirty years.  Santora was charged with racketeering and

47

racketeering conspiracy, which included predicate acts of illegal
gambling, extortion, and extortionate collection of credit, and
with substantive acts concerning these crimes.  From his first
arrest in May 1966 for the theft of motor vehicles to his most
recent arrest, Santora was arrested a dozen times for crimes
involved forgery, receipt of stolen property, gambling, resisting
arrest, and theft of an interstate shipment, and he has spent more
than a decade in jail for these crimes.  Further, he has been
arrested for violating his parole three times – in June 1998,
November 1998 and December 1999.

Cicale provided important enterprise evidence with
respect to Santora and his role in the Bonanno family.  He was
prepared to testify, if necessary, against Santora.  Santora
ultimately pled guilty to racketeering conspiracy, which included
predicate acts of illegal gambling and extortion.  He was
sentenced principally to thirty-six months' imprisonment.

### 3.  **Jerome Asaro**

Jerome Asaro served as a captain in the Bonanno family.
He pled guilty to racketeering conspiracy, which included
predicate acts of illegal gambling (bookmaking) and extortionate
collection of credit, and he was ultimately sentenced by Judge
Townes principally to thirty months' imprisonment.

Cicale provided important information, including
regarding Asaro's association with and position in the Bonanno

48

family and his role in the charged illegal gambling scheme, which led to Asaro's indictment and conviction.

### 4.   **Joseph Cammarano, Jr.**

Joseph Cammarano, Jr., is a longstanding member of the Bonanno family who previously served as an acting captain.  He was charged with racketeering and racketeering conspiracy, which included predicate acts of murder conspiracy and extortionate collection of credit.

Cicale provided crucial evidence with respect to Cammarano, and he was prepared to testify had Cammarano chosen to proceed to trial.  Cammarano ultimately pled guilty to extortionate collection of credit and was sentenced by Judge Townes principally to twenty-seven months' imprisonment.

### 5.   **Louis DeCicco**

DeCicco, a Bonanno family captain, was charged with racketeering and racketeering conspiracy, including the following racketeering acts: illegal gambling - lottery; extortionate extension and collection of credit conspiracy; illegal gambling – bookmaking; the extortionate extension and collection of credit from John Doe #7; and the extortionate collection of credit from John Doe #11.  DeCicco was also charged in various substantive counts for these acts.

DeCicco has a history of arrests.  For example, in 1997, DeCicco pleaded guilty in Queens County to assault with a weapon

in violation of New York Penal Law § 120.05 relating to his assault of a bar patron, who was hit in the eye with a bottle, requiring stitches and plastic surgery.

DeCicco ultimately pled guilty to racketeering conspiracy, which included predicate acts of illegal gambling and extortionate collection of credit and he was sentenced principally to forty months' imprisonment.  In addition to providing information about DeCicco's position in the Bonanno family, Cicale also provided information about his involvement in a charged gambling operation.

### 6.   **Paul Spina**

Paul Spina is a longtime soldier in the Bonanno family who was charged with racketeering conspiracy including the following predicate acts: murder conspiracy of John Doe #1; extortionate collection of credit; extortion conspiracy; extortion – Napa & Sonoma Restaurant; and murder conspiracy – John Doe #8. Spina was also charged in other substantive counts covering this conduct.

Prior to his arrest in connection with his most recent federal case, Spina had a history of criminal conduct.  For example, on April 9, 1998, Spina pled guilty in the Eastern District of New York to conspiring to use extortionate means to collect an extension of credit and using extortionate means to

collect an extension of credit in violation of Title 18, United States Code, Section 894(a)(1).

Cicale provided information about Spina, and his association and position in the Bonanno family, as well as about his involvement in one of the charged murder conspiracies.  Spina ultimately pled guilty to murder in aid of racketeering conspiracy, and he was sentenced by Judge Townes principally to one hundred and six months' imprisonment.

### 7. **Giacomo Bonventre**

Giacomo Bonventre, another Bonanno soldier, pled guilty to illegal gambling and was sentenced to nine months in prison. Cicale provided information relevant to Bonventre's indictment and conviction, including information about his involvement in the charged gambling scheme and his association with and position in the Bonanno family.

### E. **United States v. Bana,** **09 Cr. 672 (NGG)**

In September 2009, a grand jury sitting in the Eastern District of New York returned a thirty-three count indictment charging fourteen members and associates of the Bonanno family, including Bonanno family captains Joseph Sammartino (who at the time was also a member of the Bonanno family ruling panel) and Anthony Sclafani, Bonanno family acting captains Anthony Pipitone and Joseph Loiacono, and Bonanno family soldier Paul Spina.

51

The indictment charged the following, in relevant part:

| Count(s)/ Predicates | Description & Date | Defendant(s) |
|---|---|---|
| 1 & 2 | Racketeering and Racketeering Conspiracy (May 1, 2004 - November 17, 2008) (Title 18, United States Code, Sections 1962(c) and (d)) | Loiacono A. Pipitone Sclafani |
| RA1 (Counts 8 and 9) | Extortionate Extension of Credit Conspiracy/Extortionate Extension of Credit John Doe #1 (Salvatore Volpe) (May 1, 2004 - November 17, 2008) (Title 18, United States Code, Section 892) | Loiacono Sclafani |
| RA1, C-E (Counts 7, 10 and 11) | Extortionate Collection of Credit Conspiracy/Extortionate Collection of Credit/Collection of Unlawful Debt John Doe #1 (Volpe) (May 1, 2004 - November 17, 2008) (Title 18, United States Code, Sections 894 and 1962(d)) | A. Pipitone |
| RA1, F-I (Counts 7, 17 through 20) | Extortionate Extension of Credit Conspiracy/Extortionate Extension of Credit - John Doe #1 (May 1, 2006 - November 17, 2008) (Title 18, United States Code, Section 892) | Loiacono Sclafani |
| RA2 | Marijuana Distribution Conspiracy (June 1, 2004 - December 31, 2004) (Title 21, United States Code, Section 846) | A. Pipitone |
| RA3 | Illegal Gambling - Joker Poker (January 1, 2007 - November 17, 2008) (Title 18, United States Code, Section 1955) | A. Pipitone |

52

| Count(s)/ Predicates | Description & Date | Defendant(s) |
|---|---|---|
| RA4 (Counts 7, 25 and 26) | Extortionate Collection of Credit Conspiracy/Extortionate Collection of Credit John Doe #2 (Salvatore Sciorta) (March 1, 2007 - November 17, 2008) (Title 18, United States Code, Section 894) | Loiacono Sclafani |
| 7 | Collection of Unlawful Debt RICO (May 1, 2004 - November 17, 2008) (Title 18, United States Code, Section 1962(d)) | Loiacono A. Pipitone Sammartino Sclafani |
| 13 | Threatening to Commit a Crime of Violence in Aid of Racketeering John Doe #4 (P. Eppler) (October 9, 2004) (Title 18, United States Code, Section 1959(a)(4)) | Spina |
| 14 | Using and Carrying a Firearm (October 9, 2004) (Title 18, United States Code, Sections 924(c)(1)(A)(I) and 924(c)(1)(A)(ii)) | Spina |
| 15-18 | Conspiracy to Commit Assault in Aid of Racketeering/Assault in Aid of Racketeering John Does #5 and 6 (D. Eppler and Manco) (October 10, 2004) (Title 18, United States Code, Sections 1959(a)(3) and 1959(a)(6)) | A. Pipitone Spina |
| 30 | Collection of Unlawful Debt RICO (October 1, 2008 - November 17, 2008) (Title 18, United States Code, Section 1962(d)) | Loiacono Sclafani |

Again, Cicale was an important witness – providing evidence both about the charged enterprise, the role of several defendants in that enterprise and evidence of specific crimes. For example, Cicale provided evidence about Bonanno family acting captain Anthony Pipitone and his involvement in narcotics trafficking.

### 1.   **Anthony Pipitone**

On August 3, 2010, Bonanno family acting captain Anthony Pipitone pled guilty to Counts 20 and 22 of a first superseding information charging him with his participation in an assault in aid of racketeering related to two John Does.  On December 21, 2010, Pipitone was sentenced to 46 months' imprisonment on both counts to run concurrently.  Cicale was prepared to testify about Pipitone's association with the Bonanno family, his participation in criminal acts on its behalf, and also about the dispute underlying the violent knife assault carried out by Pipitone and others in his crew.

### 2.   **Paul Spina**

On November 9, 2010, Bonanno family acting captain Paul Spina pled guilty to Counts 20 and 22 of a first superseding information charging him with his participation in an assault in aid of racketeering related to two John Does.  On March 1, 2011, the Court sentenced Spina to thirty months' imprisonment to run concurrent with his undischarged term of imprisonment in the

54

above-mentioned matter.  Cicale was prepared to testify about
Spina's association with the Bonanno family, his participation in
criminal acts on its behalf, and also about the dispute underlying
the violent knife assault carried out by Spina and others.

### 3.   Joseph Loiacono and Anthony Sclafani

Prior to the arrests of the defendants in <u>Bana</u>, the
government executed search warrants on defendants Loiacono and
Sclafani.  Cicale provided information used to corroborate law
enforcement surveillances and information provided by other
sources that was included in the search warrant affidavits.  These
search warrants resulted in the discovery of evidence of the
defendants' association with the Bonanno family and participation
in criminal acts on its behalf.

## III. Other La Cosa Nostra Family Prosecutions

Cicale testified in, and was prepared to testify in,
cases involving other organized crime families: one involved the
Gambino family and one involving the Genovese family.  Both are
detailed below.  Of note, this was but some of the information
Cicale provided about other La Cosa Nostra families.  During the
course of his debriefings, he provided information with respect to
members and associates of all five New York La Cosa Nostra
families.

**A.   U.S. v. Gotti,**
**08 Cr. 220 (PKC)**

As noted above, in October 2009, Cicale testified in the Southern District of New York in the prosecution of Gambino family boss John A. Gotti, who was also known as "Junior."  Gotti was charged with a series of racketeering-related crimes connected with his membership in, and leadership of, the Gambino family, including the kidnapping and assault of Curtis Sliwa, a wide-ranging extortion of the construction industry and loansharking, among other crimes.

In preparation for Gotti, Cicale met with prosecutors from the Southern District (and FBI agents).  In short, he testified both about the Gambino family's involvement in the construction industry and their interaction with the Bonanno family.  Cicale also testified about Gotti's discussions with Basciano while both were incarcerated at the Metropolitan Detention Center in Brooklyn and Gotti's position and his continuing involvement in La Cosa Nostra.  Gotti was not convicted as the jury hung.

**B.   U.S. v. Romanello**
**10 Cr. 929 (ILG)**

In December 2010, Genovese family acting captain Anthony Romanello was charged with racketeering conspiracy in the Eastern District of New York, including predicate acts of extortionate collection of credit conspiracy, illegal gambling,

extortion conspiracy, and use, carrying and possession of a
firearm.  On January 10, 2012, Romanello pled guilty, pursuant to
a plea agreement, to racketeering conspiracy, including predicate
acts of illegal gambling and extortion conspiracy.  Romanello is
awaiting sentencing.  Cicale was prepared to testify at trial
about Romanello's position in the Genovese family.

## CONCLUSION

Dominick Cicale has been an important and effective
government witness.  While he has engaged in a multitude of
crimes, including three murders, he has nonetheless provided
information and testimony that has put dangerous criminals behind
bars.  Indeed, Cicale's information and testimony was particularly
important given that the timing of his cooperation coincided with
a drastic shift in the leadership of the Bonanno family.  The
information he provided enabled the government to bring a series
of prosecutions that targeted the new leadership of that
enterprise.  His cooperation was substantial and significant.

In addition to whatever "credit" or consideration that
Cicale has earned as a result as a result of his cooperation,
there also remain important policy implications to his sentence.
The government needs cooperators like Cicale to uncover criminal
activity, particularly those perpetrated by enterprises like La
Cosa Nostra, whose members are often careful to avoid law
enforcement scrutiny and surveillance.  Without the eyewitness

57

testimony of criminals themselves, like Cicale, too often these crimes go unsolved and those responsible unpunished.  For all these reasons, the government moves for a downward departure on behalf of the defendant Cicale.

Date:      January 24, 2012
           Brooklyn, New York

                              Respectfully submitted,

                              LORETTA E. LYNCH
                              United States Attorney

                              _____/S_____
                    By:  Greg D. Andres
                         John Buretta
                         Nicole Argentieri
                         Assistant U.S. Attorneys


cc:  Russell Neufeld, Esq.